# CARLOS E. TWICHELL and EVA MAY TWICHELL

## *vs.*

# NATHAN GROSS and KATE GROSS.

*Mortgages*: *payments; rights and duties of mortgagor and mort-
gagee. Releases*: *monthly instalments and special
payments. Assignments of mortgages*:
*assignor's rights.*

A mortgagor is not bound to pay the sum secured by the
mortgage, and the mortgagee is not bound to accept the prin-
cipal, or any payment on account of the mortgage, otherwise
than according to the terms of the instrument.          p. 131

In the absence of special provisions, a mortgagee can not be
required to release any part of the land covered by the mortgage
until the entire mortgage debt is due and paid.          p. 132

A mortgage conveyed a number of lots of ground to secure
the payment of a sum of money "in monthly payments of $150,"
with interest at 6 per cent. per annum on the principal sum,
payable monthly, the payments on account of interest to dimin-
ish proportionately with the reduction of the principal; in addi-
tion to the usual covenants, it was further agreed that the mort-
gagors should be entitled to have released to them any or more
of the lots covered by the mortgage, upon the payment of cer-
tain sums specified, per lot, according to several classes into
which the lots were divided; *held,* that the provisions for such
releases secured to the mortgagors the right to special releases
to a particular lot or lots only upon the payment of the particu-

lar sums so specified·per lot, and required the mortgagee to accept such payments when tendered, as a credit upon the mortgage debt.                                                           p. 132

Such provision does not entitle the mortgagor to claim a release for any particular lot or lots upon the payment merely of such a sum, which, in addition to the monthly payments already made, would equal the sum specified in the mortgage as requisite for the release of such lot or lots. `·`                p. 132

Where the mortgagees in such a mortgage had assigned and transferred the mortgage to an assignee, reserving to themselves only the right to collect and receive the monthly instalments up to a certain date, *held,* that they had no right in such an assignment to release any of the lots covered by the mortgage.  p. 133

*Decided December 19th, 1913.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Isaac T. Parks, Jr.,* (with whom was *Charles F. Harley* on the brief), for the appellants.

*Moses R. Walter,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

On the 24th of December, 1907, Samuel A. Katz and Morris Klatzky executed to the appellants a mortgage of thirty-three lots in Baltimore City, viz: nineteen lots on Shields alley, ten lots on Carey street, two lots on Smith street, one lot on Fremont avenue and one lot on Vincent

street, to secure the payment of a loan of $22,318.67, which the mortgagors agreed to pay "in monthly instalments of one hundred and fifty dollars each, with interest on the principal sum at six per cent. per annum, payable monthly; the interest to be reduced proportionately as the principal is reduced."

In addition to the usual covenants for the payment of the principal and interest of the mortgage debt, ground rents and taxes, when due, and a provision for the sale of the property in case of a default, the mortgage contained the following agreement:

> "It is agreed that the said mortgagors may release any one or more of said lots of ground upon the payment of the following sums of money: Any of the lots on Carey Street upon the payment of the sum of $1,000.00 for each lot. Any of the lots on Smith Street upon the payment of the sum of $700.00 for each lot. Any of the lots on Shields Alley upon the payment of the sum of $550.00 for each lot. The lot on Vincent Street upon the payment of the sum of $700.00. The lot on Fremont Street upon the payment of the sum of $1,000.00."

Samuel A. Katz and Rebecca Katz, his wife, on the 26th of November, 1910, executed a second mortgage of their interest in said lots to Abe Gross, to secure the payment of their promissory note to Gross, of even date, for the sum of $2,500, payable one year after date, with interest, which note was shortly thereafter endorsed to Nathan Gross. On the 15th of December, 1910, Samuel A. Katz and Morris Klatzky conveyed said lots to Nathan Gross to secure the payment of a further loan of $1,500, for which they gave their promissory note of that date, payable eighteen months after date, and on the 23rd of August, 1911, said mortgagors assigned all their interest in the lots to Kate Gross, of Pennsylvania.

On the 10th of October, 1912, Nathan Gross and Kate Gross filed in the Circuit Court of Baltimore City their bill of complaint in this case against the appellants, Carlos E. Twichell and Eva May Twichell, in which, after setting out

the execution of the several mortgages and deed to which we have referred, they allege as follows: "That each and every of the monthly instalments of $150.00 and all interest due to this date on said mortgage debt of $22,318.67 have, as required by the terms of the said mortgage from Samuel A. Katz and Morris Klatzky to the said Carlos E. Twichell and Eva May Twichell, been paid to the said mortgagees, making the aggregate of the payments to them on account of the principal of said mortgage debt $8,550.00; and that all taxes and ground rents on said mortgaged premises have also been paid to the date hereof. That pursuant to the right conferred upon them by the provisions of said mortgage," they, the plaintiffs, on the 28th of September, 1912, tendered to the said mortgagees "the sum of $450, making with the sum of $8,550 heretofore paid as aforesaid, upon the principal of the mortgage debt a total of $9,000, and requested a release from the operation of said mortgage, of the nine lots on the southwest side of Carey street;" that at the same time they tendered to said mortgagees a release, to be executed by them, and that they refused to accept said sum of $450 and to execute the release; that they have ever since been ready and willing to pay the said sum of $450, "and do hereby renew their tender thereof to said defendants, and offer to pay the same into this honorable Court."

The prayer of the bill was for a decree determining the right of the plaintiffs to a release of the nine lots on the southwest side of Carey street from the lien of the mortgage from Samuel A. Katz and Morris Klatzky to the defendants, Carlos E. Twichell and Eva May Twichell; requiring the defendants, upon payment to them of the $450, or upon payment of the same into Court, to execute the release to the plaintiff Kate Gross, and for further relief.

The defendants demurred to the bill, and this appeal is from the decree of the Court below overruling their demurrer.

The theory upon which the bill was filed, and the contention of the appellees is stated in their brief as follows: "The appellees claim—that under the agreement for partial re-

leases contained in the mortgage, they are entitled to a release
of such of the thirty-three lots as they may select, whenever
the monthly payments of one hundred and fifty dollars on
account of the principal of the mortgage debt amount to the
sum or sums for which these respective lots are by the agree-
ment releasable." They urge in support of that view that a
different construction would be unreasonable and unjust to
the mortgagors, and, to quote again from their brief, "would
lead to the extraordinary condition that if the sum total of ·
the $150.00 monthly payments should amount to, for in-
stance, $13,000.00 or more, the mortgagors could not obtain
a release of the nine Carey street lots without paying the ,
entire balance of the principal."

The mortgage does not, however, provide that the mort-
gagors shall be entitled to a release when the monthly instal
ments, of the amounts paid on account of the principal shall
amount to the sums named, but the language is: "Said mort-
gagors may release any one or more of said lots of ground
upon payment of the following sums of money." By the
terms of the mortgage the principal of the mortgage debt is
payable in monthly instalments of $150.00, and according to
those terms the final payment will not be due until more than
twelve years after the date of the mortgage. The mortgagors
are not bound to pay the sum secured except in the manner
stated, and without some further provision the mortgagees
could not have been required to accept any part of the prin-
cipal until it was due, or to release the mortgage as to any of
the lots conveyed until the entire mortgage debt had been
paid. If we give the agreement in question the construction
contended for by the appellees the mortgagors would not have
been entitled to a release of any one of the lots until the
monthly payments amounted to the sum specified as to that
lot, and in order to obtain a release of all the lots mentioned
in the bill of complaint at the same time they would have been
compelled to wait until the monthly payments amounted to
$9,000.00, which would have covered a period of five years
from the date of the mortgage. Such a construction would

not only defeat the apparent purpose for which the agreement was made, but would, if strictly applied to the facts of this case, be a complete answer to the plaintiffs' bill, for it is alleged that at the time it was filed the monthly payments amounted to only $8,550.00. The agreement does not state that the mortgagors may secure a release upon payment of such sum as together with the amount of monthly instalments previously paid will amount to the sum required. The provision specifying the amount which, when paid, will entitle the mortgagors to a release, must refer either to the monthly payments or to a sum which the mortgagees are by its terms required to accept. If it refers to the former, then the mortgagors must wait until the monthly payments amount to that sum, and if it refers to the latter, the mortgagees cannot be required to accept any other or different amount.

But we do not think that the contention of the appellees is in accord with the proper construction of the mortgage. The provision referred to was manifestly inserted for the benefit of the mortgagors, and is entirely separate and distinct from the provision for the payment of the mortgage debt. It secures to the mortgagors the right to a release of the lots upon payment of the amounts specified, and requires the mortgagees to accept said amounts when tendered as a credit on the mortgage debt. The right thus secured to the mortgagors could have been exercised by them at any time after the execution of the mortgage. This view is in harmony with the plain and ordinary meaning of the terms employed, and there is nothing in the other provisions of the mortgage to suggest a different construction. The mortgagors were, by the terms of the mortgage, required to accept the amounts specified in the provision relating to a release of the lots, but they were not required to accept other sums or to execute a release except upon payment of the amounts therein named.

There is another reason why the plaintiffs were not entitled to the relief prayed. It appears from the certified copy of the mortgage in question which was filed with and as a part of the bill that the mortgage was, on the 19th of May, 1910,

by an assignment recorded on that day, transferred by the mortgagees to Thomas H. Gaither. That assignment was as follows:

"For value received we hereby assign the within mortgage to Thomas H. Gaither. Mortgagees Carlos E. Twichell and wife to have the right to collect monthly instalments in the mortgage mentioned until May 19th, 1913. As witness our hands and seals this 19th day of May, 1910. Witness: Thomas E. Gaither, Jr. Carlos E. Twichell (seal), Eva May Twichell (seal)."

At the time the bill was filed the only interest the defendants had in the mortgage was the right to collect the "monthly instalments" until May 19th, 1913, and even if we were to assume that it was still within their power to release any part of the property thereby conveyed, they clearly had no right to receive any part of the mortgage debt except the "monthly instalments" referred to in the assignment. The defendants, therefore, had no right to receive the $450.00 tendered to them by the plaintiffs, and they cannot be required to do so.

For the reasons stated the decree must be reversed and bill dismissed.

> *Decree reversed and bill dismissed, costs above and below to be paid by the appellees.*

Since the opinion was filed in this case our attention has been called to the fact, not shown by the record, that Thomas H. Gaither reassigned the mortgage of December 24th, 1907, to the appellants on the 24th of February, 1912, before the bill was filed in the court below. Under such circumstances, what we stated as an additional reason why the plaintiffs were not entitled to the relief prayed would not apply, and would not have been said had the record disclosed the reassignment to the appellants.